a seat in the New York Stock Exchange and was a member of a stock exchange firm. The decedent contributed no capital to the firm and had no capital account on the books of the firm. He was allowed interest on his seat at a fixed valuation. Under the articles of copartnership the firm was to continue for 60 days after the death of any partner. The firm so continued after the death of the testator, and the profits of the firm during this period, to which decedent would have been entitled, if living, amounted to $5,569.75, part of which the executor paid to the widow. The question was raised by objections to the account as to whether this sum should go to the widow as income or to the trustee as capital.

Charles Henry Phelps, in pro. per.
John P. East, for executor.
Grattan Colvin, for widow.
Junius Pendleton Wilson, special guardian, for infant.

THOMAS, S. Out of the $850 paid by the executor for the use of the widow he will be credited $550, and the sum of $150 in lieu of articles specified in subdivision 3, and $150 in lieu of articles specified in subdivision 4, respectively, of section 2713, Code of Civil Procedure, will be disallowed. The amount received from decedent's firm, pursuant to the articles of copartnership, as the share of profits due to the decedent, will be treated as income, and not as principal, and payments thereout already made by the executor will be sustained, and the balance of the income will be, by the decree to be entered, directed to be paid over to the trustee and by him paid to the widow as income. Tax costs and settle decree on notice.

Decreed accordingly.

---

(53 Misc. Rep. 168.)

### In re GAMBER'S WILL.

#### (Surrogate's Court, Kings County. February, 1907.)

WILLS—EXECUTION—VALIDITY.

 Testatrix, when about to sign a paper, stated that it was intended to be her will, and requested the witnesses to sign as such before she actually affixed her signature, but immediately thereupon signed her name and passed the paper over to the witnesses, who then signed. *Held* a sufficient declaration and request.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 306, 307.]

In the matter of the probate of the last will of Justina Gamber. Decree admitting the will to probate.

Kramer, Cohn & Burby, for proponent.
James C. Cropsey, for contestant.

CHURCH, S. It appears here that the statement of the deceased that the paper offered for probate was intended to be her last will and testament and her request to the witnesses to sign it as such were made before she signed the instrument, and that upon the witnesses assenting to her request, and without further conversation on the subject, she signed the paper and passed it over to them for their signature as witnesses. From all the circumstances in the case it is apparent that the matter was practically completed at one transaction, and

that, even if there was not a specific declaration by the deceased that this was her will after she had signed it, yet, coupled with her previous remarks, the fact that she signed it in the presence of the witnesses and passed the paper over to them for their signature amounted, in effect, to a request to them to sign as witnesses her last will and testament. I feel constrained, therefore, to admit the will to probate. Let findings and decree be prepared accordingly.

Decreed accordingly.