In the Matter of the Probate of the Will of JAMES B. HAMMOND, Deceased.

Surrogate's Court, Westchester County, December 2, 1924.

**Wills — execution — evidence establishing formal publication.**

Formal publication of a will is established by evidence of a layman who drafted the will, who testified as to all the facts set forth in the attestation clause, that the decedent declared the paper to be his last will and testament before he signed it in the presence of the witnesses, and that the clause was read aloud by the layman to the decedent and to the two witnesses, and by the evidence of the witnesses who testified that they knew that they were there to attend the execution of a will, although they do not remember seeing the testator sign the will.

PROCEEDING for probate of will.

*George C. Andrews,* for the proponent.

*Frederick E. Weeks,* for the contestants.

SLATER, S.:

This will has a full attestation clause thereon. It appears that the witnesses do not remember seeing the testator sign the will. There was present a layman who had drafted the will and who testified as to all the facts set forth in the attestation clause. From the testimony of the witnesses to the will it appears that they knew that they were there to attend the execution of a will. All that was said or done was part of one transaction. The layman who prepared the will testified that the decedent declared the paper to be his last will and testament before he had signed it in the presence of the witnesses to the will; that the clause was read aloud by the layman to the decedent and to the two witnesses. I am satisfied from all of the evidence that there was a formal publication of the will, and that the will was properly executed in the one entire transaction taking place in the presence of the witnesses and the decedent and the layman who drafted the will. (Jessup Redf. Surr. 318, 321, 335, 337; *Matter of Gamber*, 53 Misc. 168.)

I feel constrained, therefore, to admit the will to probate. Let decree be prepared accordingly.